UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| GUILFORD SPEC. GRP., INC., )<br>    *Plaintiff*, )<br>)<br>v. )<br>)<br>WOLFRAM, )<br>    *Defendant*. )<br>)<br>) | 3:25-CV-569 (OAW) |

**ORDER DENYING DISMISSAL/TRANSFER**

**THIS CAUSE** is before the court upon Defendant's Motion to Dismiss or Transfer Venue ("Motion"). *See* ECF No. 17. The court has reviewed the Motion, Plaintiff's response thereto, ECF No. 25, Defendant's reply in support thereof, ECF No. 26, and the record in this matter and is thoroughly apprised in the premises. For the reasons discussed herein, the Motion is **DENIED.**

**I.   BACKGROUND**[1]

Plaintiff Guilford Specialty Group, Inc. is a company registered and headquartered in Connecticut. Defendant Kelly K. Wolfram is a former employee of Plaintiff, and for the relevant period she was a part of Plaintiff's Chicago office, though she worked remotely in Wisconsin, where she lived (and continues to live), reporting several times each quarter to Chicago. She also traveled to other offices around the country as required. In connection with a promotion to an upper-management position, Defendant executed a

---

[1] These factual allegations are taken from the complaint, ECF No. 1, and are accepted as true for the purpose of this ruling.

1

restrictive covenant agreement ("RCA"). Thereafter, Defendant left Plaintiff's employ to work for a company Plaintiff deems a competitor.

Plaintiff initiated this lawsuit to enforce the RCA, seeking injunctive relief. Defendant now moves to dismiss the action for lack of subject matter jurisdiction or, in the alternative, to transfer the action to the United States District Court for the Eastern District of Wisconsin.

## II. **SUBJECT MATTER JURISDICTION**

It is axiomatic that federal courts have limited jurisdiction and must dismiss actions where subject matter jurisdiction is absent. *See Nike, Inc. v. Already, LLC*, 663 F.3d 89, 94 (2d. Cir. 2011). The party seeking to bring a case in federal court has the burden of showing that there is federal subject matter jurisdiction. *Cloister E., Inc. v. New York State Liquor Auth.*, 563 F. Supp. 3d 90, 102 (S.D.N.Y. 2021) (quoting *Shenandoah v. Halbritter*, 366 F.3d 89, 91 (2d Cir. 2004)). Here, Plaintiff purports to proceed under diversity jurisdiction, which requires that the amount in controversy exceed $75,000. 28 U.S.C. § 1332(a)(2).[2] "A party invoking the jurisdiction of the federal court has the burden of proving that it appears to a 'reasonable probability' that the claim is in excess of the statutory jurisdictional amount." *Scherer v. Equitable Life Assurance Soc'y of U.S.*, 347 F.3d 394, 397 (2d Cir. 2003) (quoting *Tongkook Am., Inc. v. Shipton Sportswear Co.*, 14 F.3d 781, 784 (2d Cir.1994)). In this circuit, "the value of injunctive relief is generally calculated from the plaintiff's perspective." *Aladdin Cap. Holdings, LLC v. Donoyan*, No. 3:11CV655 MRK, 2011 WL 2293236, at *2 (D. Conn. June 8, 2011). Courts in this circuit

---

[2] Diversity jurisdiction also requires that the parties be citizens of different states, which is not contested here.

employ a "rebuttable presumption" that the assertions in a complaint are a good-faith accounting of the plaintiff's injuries.  *Wood v. Maguire Auto.*, LLC, 508 F. App'x 65 (2d Cir. 2013).  To overcome this presumption, a defendant must show to a "legal certainty" that it would be impossible for the plaintiff to recover the threshold amount.  *Id.*

Defendant argues that Plaintiff has failed to show that the amount in controversy exceeds $75,000.  Plaintiff counters that it has made the requisite showing in that (1) the signing of the RCA was a condition of Defendant's promotion to a senior leadership position with a salary of $270,000 (plus additional monetary incentives), and (2) Defendant's current employment exposes Plaintiff to substantial commercial losses due to Defendant's use of Plaintiff's trade secrets to sway clients and contracts to her new employer.  Defendant replies that her salary is not proof of the amount in controversy since that amount was not exchanged for future professional restrictions, but for her labor; and Plaintiff has failed to plead any concrete losses.

The court finds that Plaintiff's allegations suffice to establish subject matter jurisdiction.  First, the court cannot conclude that salary is entirely irrelevant to this inquiry. Plaintiff has asserted that absent Defendant's willingness to enter into the RCA, she never would have been offered the promotion, so there is a strong argument that the value of the RCA was equal to Defendant's salary.  Further, given Defendant's seniority at the plaintiff company, the court finds it reasonable to impute to her a level of commercial savvy in the negotiation of the terms of her new employment agreement, including her salary and its relation to the RCA.  So while the court agrees that Defendant's $270,000 annual pay may not, but itself, quantify the loss that will inure to Plaintiff upon Defendant's

3

breach of the RCA, it does serve as a strong indication of Plaintiff's valuation of the injunction it seeks.

Moreover, though, the loss of its bargained-for benefit is not the only injury Plaintiff alleges.  Plaintiff also asserts that it will suffer harm to its goodwill and business relationships, which will lead to a loss in revenue, and that it will lose the benefit of exclusive knowledge of proprietary technology, which it has expended millions of dollars developing, using data it has collected over the course of decades.  Defendant's new employer apparently is new to the relevant field, and having access to Plaintiff's proprietary tools of the trade will enable it to use Plaintiff's investments for its own benefit.  Thus, the court finds that Defendant has failed to show to a legal certainty that the amount in controversy cannot exceed $75,000.  The request for dismissal therefore is denied.

### III.  TRANSFER

Next, Defendant argues that this case should be transferred to a Wisconsin court because the forum selection clause in the RCA is unenforceable in establishing that all disputes arising from the RCA shall be brought in this court.  Plaintiff responds that Defendant's argument relies upon inapplicable state law.

The court acknowledges that its denial of Plaintiff's motion for a temporary restraining order raised the issue of choice-of-law analysis, noting that it was not clear that Connecticut law would govern this dispute given Defendant's residency in Wisconsin. *See* ECF No. 15.  Restrictive covenants are somewhat notorious for evading choice-of-law provisions, and the court cited to *Beilfuss v. Huffy Corp.*, 685 N.W.2d 373 (Wis. Ct. App. 2004), to illustrate that Wisconsin law is inhospitable to restrictions upon

4

employment, even going so far as to invalidate a forum selection clause in furtherance of its strong public policies. But this observation was made in the context of determining whether Plaintiff had shown a likelihood of success on the merits. It does not predetermine any conclusion here.

But Defendant sets upon *Beilfuss* as dispositive authority for the proposition that not only is Wisconsin law applicable here, but that Plaintiff *must bring this action in Wisconsin*, where, incidentally, Defendant already has initiated proceedings against Plaintiff to invalidate the RCA (one day after Plaintiff filed suit here). But the Wisconsin appellate court's reach does not stretch so far.

In *Beilfuss*, a Wisconsin resident working for an Ohio corporation ("Huffy") agreed to certain restrictive covenants. Following his departure from Huffy, he sued in Wisconsin state court for a declaration invalidating those restrictions. Huffy moved to dismiss the state action on the ground that the plaintiff had agreed to a choice-of-law and forum-selection provision requiring employment disputes to be filed in Ohio courts and to follow Ohio law. The trial court found Huffy's argument to be persuasive and dismissed the action. On appeal, though, the appellate court reversed, holding that (1) determining "the validity of the choice of law provision is a precondition to determining the enforceability of [a] forum selection provision," (2) Wisconsin's "important public policy considerations would trump a choice of law provision selecting a foreign jurisdiction's law as controlling," because (3) Wisconsin has a strong public policy regarding restraints on employees and it does not allow judicial modification of an unreasonable restriction (while Ohio law does), such that the choice-of-law provision was unenforceable,[3] and (4) the same strong public

---

[3] No determination as to the reasonableness of the restrictions themselves ever was made, though.

5

policy that invalidated the choice-of-law provision also rendered the forum selection clause unreasonable and unenforceable.[4]  *Beilfuss,* 685 N.W.2d at 507–12.

There are many deficiencies with Defendant's argument.  In the first instance, *Beilfuss* has no precedential authority here.  In this federal court, the proper starting point is the jurisprudence of the United States Court of Appeals for the Second Circuit.  And that jurisprudence unambiguously holds that while the *interpretation* of a forum selection clause relies upon the relevant choice of law, the *enforceability* of a forum selection clause is governed by federal law.  *Martinez v. Bloomberg LP*, 740 F.3d 211, 217 (2d Cir. 2014).  Federal law, in turn, holds that a forum selection clause which was presented to the restricted party in a manner reasonably likely to be noticed, which is mandatory, and which covers the parties and claims at issue, enjoys the strong presumption of enforceability.  *Id.*  Here, there is no dispute that the forum selection clause at issue is mandatory, and it clearly covers these claims and these parties.  Furthermore, the defendant employee signed this specific agreement in connection with a promotion to a senior management position, indicating a level of sophistication and familiarity with such agreements.  That she even affirmed that she had read and understood the restrictive covenants is convincing evidence that she had reasonable notice thereof.  Thus, there is no need to engage in choice-of-law analysis at this point.

Accordingly, the strong presumption of enforceability only can be overcome by showing that enforcement of the relevant provisions would be unreasonable or unjust, or that the clause is invalid for fraud or something similar.  *Id.*  Defendant has not done so.

---

[4] Without any discussion, the *Beilfuss* court found that a severance clause in the employment agreement did not save the forum selection provision, but did save the rest of the agreement.  *Beilfuss,* 685 N.W.2d at 511.  It is not clear why the severance clause should have had such selective force.

In support of her position that the forum selection clause should be invalidated, she points to a single Connecticut Superior Court case with no precedential value and little resemblance to the case at bar.  In *Farrell v. Capula Investment US, LP*, 2019 WL 6248203 (Conn. Super. Ct. Oct. 21, 2019) (*Hon. Mary E. Sommer, J.*), a Connecticut court in an unpublished opinion declined to enforce a forum selection clause which required disputes to be brought in New York courts, finding that the clause had not been bargained for and that its enforcement would have had the effect of entirely foreclosing the plaintiff's wage claim due to the statute of limitations.  Moreover, the relevant facts showed no connection to New York whatsoever: the plaintiff employee lived in Connecticut, and the defendant employer was incorporated in Delaware with a principal place of business in Connecticut.  For all these reasons, the court concluded that the forum selection clause was unenforceable.

Clearly, that is not the situation presented here.  As discussed supra, the seniority of Defendant's position gives rise to an inference that she negotiated the terms of her promotion, and there is no allegation to the contrary.  Further, Defendant is welcome to present any counterclaims she wishes in this action; there is no procedural hurdle in enforcing the forum selection clause.  Finally, and most importantly, there is a significant connection to this forum given that Plaintiff is a Connecticut company and was so at the time of Defendant's employment.  Thus, Defendant's reliance upon *Farrell* clearly is misplaced.  Accordingly, the court finds the forum selection clause to be valid and enforceable, and consequently that venue is proper in the District of Connecticut.

However, even if the forum selection clause were invalid, the case still properly could continue in this jurisdiction because Plaintiff was first to file, and Plaintiff filed here,

as it had every right to do, and so this action takes primacy over the Wisconsin matter. *See First City Nat. Bank & Tr. Co. v. Simmons*, 878 F.2d 76, 79 (2d Cir. 1989) (stating that "[w]here there are two competing lawsuits, the first suit should have priority, absent the showing of balance of convenience ... or ... special circumstances ... giving priority to the second.") (quoting *Motion Picture Lab. Technicians Loc. 780 v. McGregor & Werner, Inc.*, 804 F.2d 16, 19 (2d Cir.1986)) (alterations in original). And by filing her motion to dismiss without contesting personal jurisdiction, Plaintiff has waived that defense[5] and consequently has consented to continuing in this jurisdiction.

Defendant attempts to argue that the first-to-file rule should be ignored because Plaintiff has engaged in impermissible forum shopping. According to Defendant, Plaintiff selected Connecticut to avoid unfavorable Wisconsin law. Specifically, Wisconsin courts are prohibited from "blue-penciling," or reforming an unenforceable covenant, whereas Connecticut courts allow the practice. But of course, this is a choice-of-law issue, not a forum issue. Defendant has failed to show that Wisconsin law would not apply anyway, even in the District of Connecticut, and so that argument easily is rejected.

Finally, Defendant argues that transfer remains appropriate because the "balance of conveniences" weighs against honoring the first-to-file rule. The "balance of conveniences" test considers the seven following nonexhaustive factors in determining whether it would be better to proceed in the second-filed forum: "(1) the plaintiff's choice of forum, (2) the convenience of witnesses, (3) the location of relevant documents and relative ease of access to sources of proof, (4) the convenience of the parties, (5) the

---

[5] Given the court's conclusion regarding the enforceability of the forum selection clause, it is unlikely that any challenge to personal jurisdiction would have been meritorious, but the court need not reach the substance of that question because now it is procedurally barred.

8

locus of operative facts, (6) the availability of process to compel the attendance of unwilling witnesses, [and] (7) the relative means of the parties."[6] *Emps. Ins. of Wausau v. Fox Ent. Grp., Inc.*, 522 F.3d 271, 275 (2d Cir. 2008) (quoting *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106–07 (2d Cir.2006)) (alteration in original). Defendant has the "burden of making out a strong case for transfer." *Filmline (Cross–Country) Prods., Inc. v. United Artists Corp.*, 865 F.2d 513, 521 (2d Cir.1989). This means she must satisfy the "clear and convincing" standard. *New York Marine & Gen. Ins. Co. v. Lafarge N. Am.*, Inc., 599 F.3d 102, 114 (2d Cir. 2010).

Though Defendant contends that the relevant factors weigh in favor of transfer, the court disagrees. First, most of these factors favor neither party. The court finds the availability of process is neutral, given that there are means of compelling attendance both in Wisconsin and in Connecticut. And the convenience of witnesses, parties, documents, and evidence also are neutral factors, as both sides will produce support from their respective base camps: for Plaintiff, that is Connecticut, and for Defendant, it is Wisconsin. Defendant attempts to argue that Wisconsin will figure more prominently in this action, but the court doubts the case will be so one-sided as she contends it will be. Representatives from her former employer, which is based in Connecticut, certainly will appear, and they will produce documents that likely are kept in their Connecticut headquarters (or perhaps in their Chicago satellite office, though Defendant does not argue for transfer to Illinois). Moreover, as Defendant herself admits, technological

---

[6] Defendant points out that district courts in this circuit also may consider the forum's familiarity with governing law, but district courts also note that this factor is given little weight in federal courts. *See, e.g., AEC One Stop Grp., Inc. v. CD Listening Bar, Inc.*, 326 F. Supp. 2d 525, 531 (S.D.N.Y. 2004). Still, a choice-of-law determination has not yet been made, and should the court at any point determine that Wisconsin law ought to be applied in this action, the undersigned can do so, just as other federal courts frequently apply state laws in cases where it is appropriate to do so.

9

advancements are relevant to the relative importance of these factors. Ease of access to people and documents has increased greatly due to remote capabilities.

Clearly, Plaintiff's choice of where to file is a point in favor of maintaining the case here. But the relative means of the parties favors Defendant, since, with few exceptions, a corporation's resources will exceed those of a private citizen.

This leaves the locus of operative facts. Defendant asserts that this factor weighs strongly in favor of transfer, but the court again disagrees. While it is true that Defendant did not report to Connecticut to work, she officially was part of Plaintiff's Chicago office, though she had permission to work from her home in Wisconsin. Nevertheless, Plaintiff alleges (and Defendant does not dispute) that her work duties included supervision of nationwide policies and strategies. Nowhere is it alleged that her work was focused on Wisconsin clients. Thus, it appears that though Defendant lived in Wisconsin, her work was funneled through the Chicago office for her Connecticut employer. And while she now works for a Wisconsin company, her unilateral professional decision is not the dispositive fact in this analysis, and the court declines to allow that single decision to dictate the course of this action. Accordingly, the court finds that the operative facts do not militate against maintaining the case here, as Defendant contends.

Having reviewed Defendant's arguments, the court finds that she has not satisfied her burden of showing clearly and convincingly that transfer is appropriate. Accordingly, even ignoring the forum selection clause, the court finds that venue here is proper.

## IV. CONCLUSION

For the reasons discussed herein, it is hereupon **ORDERED AND ADJUDGED** that the Motion is **DENIED**. Given this ruling, the pending motions to stay discovery, ECF No. 29, and to quash a subpoena, ECF No. 30, are denied as moot.

**IT IS SO ORDERED** in Hartford, Connecticut, this 31st day of July, 2025.

/s/
OMAR A. WILLIAMS
UNITED STATES DISTRICT JUDGE